# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **YOLANDA D. POWELL,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CV 07-J-1331-S |
| ] | |
| **MICHAEL J. ASTRUE,** ] | |
| **Commissioner of Social** ] | |
| **Security,** ] | |
| ] | |
| Defendant. | |

## MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying her a period of disability, disability insurance benefits, and supplemental security income. The case is now properly before the court. *See* 42 U.S.C. § 405(g). At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 41 years old, having been born September 5, 1964, and had a two year college degree, as well as additional college courses (R. 212, 256-257). She alleges an inability to work due to thyroid problems, Grave's disease, depression, fatigue and muscle spasms in her head and neck (R. 56-57).

The ALJ found that the plaintiff's impairments of Grave's disease, degenerative changes of the cervical spine, and depression were severe but did not constitute an impairment or combination of impairments listed in, or medically equal to, one of those listed in Appendix 1 of Subpart P of Social Security Regulations No.

4 (R. 21). Further, the ALJ found that the plaintiff retained the residual functional capacity to perform a modified range of medium work and a full range of light work (R. 27). The ALJ also opined that the plaintiff had no more than moderate limitations due to depression (R. 26). Based on this assessment, the ALJ concluded that the plaintiff was not precluded from performing her past relevant work (R. 27). The ALJ set forth numerous reasons as to why he found the plaintiff's allegations of pain which would prevent such activity to be not credible (R. 22-25). The ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security (R. 27).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

The court is satisfied that the decision of the ALJ is supported by substantial evidence. The ALJ meticulously considered the medical evidence in the record in reaching his decision. Furthermore, in his consideration of Dr. Zaremba's opinion, the ALJ detailed all aspects of Dr. Zaremba's physical examination of the plaintiff before concluding that very examination did not support Dr. Zaremba's opinion of the plaintiff's level of limitation (R. 25).

While the plaintiff does suffer from degenerative changes in her cervical spine (R. 204-205), the level of pain the plaintiff alleges is far beyond that which would be expected from minimal and mild diffuse disc bulges (R. 204). Upon examination by Dr. Zaremba, no neck tenderness was noted (R. 219). Her grip strength was a 5/5 (R. 219). Dr. Zaremba also noted full range of motion in the plaintiff's arms, legs and back (R. 219). In fact, Dr. Zaremba's consultative examination of the plaintiff found fewer limitations than Dr. Lisiak's consultative examination, which was performed a year and a half earlier (R. 206-211). Both Dr. Lisiak and Dr. Zaremba noted the plaintiff appeared to be a "well-nourished" female in "no acute distress" even though the plaintiff reported her pain level to Dr. Zaremba as an eight and a half out of ten (R. 206, 208, 219).

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the

3

Appeals Council, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standard to each issue presented.  The court could not reach a different conclusion without reweighing the evidence presented to the ALJ.  Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

      Done, this 23rd day of  January, 2008.

                                      INGE PRYTZ JOHNSON
                                      U.S. DISTRICT JUDGE